Manoj Luvi SAMTANI, Plaintiff–
Appellant

v.

WEBB COUNTY APPRAISAL DIS-
TRICT; Appraisal Review Board of
Webb County; Webb County; Roberto
Valdez, Individually and In His Offi-
cial Capacity; United Independent
School District, Defendants–Appellees.

No. 07–41084
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 28, 2008.

Manoj Luvi Samtani, pro se.

Albert Lopez, Law Offices of Albert Lo-
pez, San Antonio, TX, Sylvia Margarita
Ornelas, Ornelas Castillo, Laredo, TX, for
Defendants–Appellees.

Before STEWART, OWEN, and
SOUTHWICK, Circuit Judges.

PER CURIAM: *

Manoj "Luvi" Samtani appeals from the
district court order dismissing his civil
rights action for lack of subject-matter
jurisdiction pursuant to the Tax Injunction
Act, 28 U.S.C. § 1341. Samtani contends
that the district court incorrectly conclud-
ed that Texas provides a plain, speedy, and
efficient remedy to his claims.

Samtani is a property owner who filed
the underlying 42 U.S.C. § 1983 action

alleging that the Defendants fraudulently
increased his property taxes for personal
gain and threatened him with foreclosure.
He sought various forms of injunctive re-
lief, including lowering and capping the
appraised value of his property, preventing
future increases in the property's value,
and barring Defendants from making any
future assessments on his property with-
out prior authorization by the district
court. He also sought money damages.

The Defendants filed motions to dismiss,
citing, *inter alia,* the Tax Injunction Act.
The Act provides,

The district courts shall not enjoin, sus-
pend or restrain the assessment, levy or
collection of any tax under State law
where a plain, speedy and efficient rem-
edy may be had in the courts of such
State.

28 U.S.C. § 1341. The Defendants argued
that Samtani's claims challenging the
County's assessment or collection of his
property tax and his federal constitutional
claims could both be heard in Texas
courts. The district court agreed and
granted the Defendants' motions to dis-
miss.

The Tax Injunction Act bars a federal
district court from asserting jurisdiction
over a taxpayer's suit unless the State fails
to supply a plain, speedy, and efficient
remedy for the taxpayer's claim. *See
Smith v. Travis County Educ. Dist.,* 968
F.2d 453, 456 (5th Cir.1992). We have
previously acknowledged that Texas state
courts provide such a remedy for tax com-
plaints like Samtani's. *See McQueen v.
Bullock,* 907 F.2d 1544, 1548 n. 9 (5th
Cir.1990). Because the state courts also
provide a procedural vehicle for taxpayers'
federal constitutional claims, including a
"full hearing and judicial determination,
with ultimate review available in the Unit-

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

ed States Supreme Court," Texas provides an adequate remedy for Samtani's constitutional claims as well. *Smith,* 968 F.2d at 456 (quotation marks omitted) (Act bars taxpayers' federal due process claim); *see also Clark v. Andrews County Appraisal Dist.,* 76 Fed.Appx. 525, 526 (5th Cir.2003) (unpublished) (Fifth and Fourteenth Amendment challenges against county taxing authorities could be fully adjudicated in Texas state court).

Although a plaintiff could potentially show that such remedies were not available to him because the state courts have refused to entertain his federal claims, or the state remedy is uncertain or speculative, *see Smith,* 968 F.2d at 456, that is not the case here. Samtani's claim that his state court suit was not entertained is belied by the fact that he terminated the action himself by filing a "motion to nonsuit." Nor do Samtani's provocative allegations against unnamed "local judges" provide a legitimate basis to question the adequacy of the state remedy.

In light of the foregoing, we AFFIRM the judgment of the district court.